USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
ANDREW LAWRENCE,                           :
                            Petitioner,  :
                                          :     18 Civ. 6590 (LGS)
            -against-                 :
                                          :     **OPINION AND ORDER**
RAYMOND JAMES FINANCIAL SERVICES, :
INC.,                                             :
                             Respondent. :
                                                  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       This case arises from an arbitration award issued in a dispute between Petitioner Andrew Lawrence and Respondent Raymond James Financial Services, Inc. ("RJFS"). Lawrence moves to vacate a June 21, 2017, arbitration award (the "Award") rendered in favor of RJFS. RJFS opposes the motion and cross moves to confirm the Award. For the reasons below, the Petition to vacate is denied, and the Cross-Petition to confirm is granted.

**I.     BACKGROUND**

       Lawrence is a former registered representative of RJFS. On March 30, 2017, Lawrence and RJFS executed a Loan Terms Agreement (the "Agreement"). Pursuant to the Agreement, the parties agreed that they would arbitrate disputes concerning the Agreement and that Financial Regulatory Authority, Inc. ("FINRA") rules would govern its enforcement.

       Lawrence's relationship with RJFS terminated on September 25, 2017. On February 28, 2018, RJFS filed the underlying arbitration through the FINRA Office of Dispute Resolution. RJFS filed its Statement of Claim ("SOC") against Lawrence on March 2, 2018, asserting a breach of contract claim to recover money loaned to Lawrence under the Agreement.

Pursuant to the FINRA rules, FINRA was responsible for serving Lawrence in an arbitration. FINRA § 13301(a) on the service of an associated person states[1]:

> [T]he Director will serve the Claim Notification Letter on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the Claim Notification Letter on the associated person at the person's business address.

FINRA Regulatory Notice 17-03 further states:

> FINRA staff will serve the initial statement of claim. FINRA will serve respondents that are not identified as customers with a Claim Notification Letter. The term "Claim Notification Letter" means the notice provided to respondents that they have been named as a party in a statement of claim. The Claim Notification Letter provides information about accessing the Party Portal to obtain a copy of the statement of claim filed by the claimants and information about the arbitration, including the hearing location selected by the Director and the deadline for filing a statement of answer. If a respondent does not access the Party Portal and view the statement of claim, FINRA staff will contact the respondent and ask if the respondent received the Claim Notification Letter. If the respondent indicates that he or she did not receive the Claim Notification Letter, FINRA staff will offer to serve the statement of claim in another manner such as by email or regular mail to afford the respondent an additional opportunity to receive the statement of claim.

At all relevant times, Lawrence resided at 3509 20th Ave. Ct. SE, Puyallup, Washington 98372. On March 2, 2018, FINRA mailed the Claim Notification Letter and SOC to Lawrence's residential address. These mailings were not returned to FINRA as undeliverable. On May 1, 2018, RJFS's counsel sent copies of FINRA's Claim Notification Letter and SOC, via certified mail, to Lawrence's business address. Lawrence claims by sworn affidavit that he "was never served with, or received a copy of the SOC."

On May 21, 2018, FINRA sent a Notification of Arbitrator to Lawrence's residential address via certified mail, advising him that an arbitrator was appointed in the case. FINRA sent the Notification of Arbitrator by certified mail on May 26, 2018, and a domestic return receipt,

---

[1] For FINRA purposes, Lawrence is an "associated person."

signed by Haylee Lawrence, was delivered to FINRA on May 30, 2018.  Lawrence does not dispute that he received the Notification of Arbitrator.

Lawrence did not file an answer to the SOC nor otherwise participate in the arbitration.  On June 21, 2018, the sole arbitrator rendered the Award against Lawrence and in favor of RJFS for $134,217.63, plus interest from September 25, 2017, to June 7, 2018, plus $2,000 in attorneys' fees and costs.  Although Lawrence failed to register on the Dispute Resolution Portal (the "DR Portal") pursuant to FINRA Regulatory Notice 17-03, the arbitrator determined that Lawrence had been properly served and was thus bound by the arbitrator's ruling and determination.

On July 23, 2018, Lawrence filed a Petition to Vacate.  On September 4, 2018, RJFS filed a Cross-Petition to Confirm the Arbitration Award.

## II.    STANDARD

Confirmation of an award rendered in a FINRA arbitration "is governed by the Federal Arbitration Act."  *Thomas James Assocs., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996); *accord Barclays Capital Inc. v. Hache*, No. 16 Civ. 315, 2016 WL 3884706, at *1 (S.D.N.Y. July 12, 2016).

Ordinarily, confirmation of an arbitration decision is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015).  "A court's review of an arbitration award is . . . severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015).  The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or corrected."  *D.H.

3

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id*. (internal quotation marks omitted); *accord Hernandez v. Goldfarb Properties, Inc.*, No. 13 Civ. 8640, 2017 WL 1378279, at *1 (S.D.N.Y. Apr. 14, 2017). A "barely colorable" justification for the arbitrator's decision is sufficient to meet this standard. *D.H. Blair & Co.*, 462 F.3d at 110.

The party seeking to "vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011).

## III. DISCUSSION

### A. Exceeding Authority

Lawrence asserts that he had no notice of the arbitration proceedings and was not served with process in accordance with FINRA rules. The arbitrator did not exceed his authority in determining that Lawrence received adequate service of process.

The FAA permits vacatur of an arbitral judgment "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The inquiry under § 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir. 2002); *accord Jock v. Sterling Jewelers Inc.*, 284 F. Supp. 3d 566, 569 (S.D.N.Y. 2018). If the parties intended for the arbitration panel to decide a given issue, it follows that "the arbitration panel did not exceed its

4

authority in deciding that issue -- irrespective of whether it decided the issue correctly." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 346 (2d Cir. 2010); *accord Arcadia Aviation PHF, LLC v. Aero-Smith, Inc.*, No. 12 Civ. 06177, 2018 WL 3765380, at *5 (S.D.N.Y. Aug. 8, 2018).

Here, the FINRA rules empower the arbitrator to rule on the issue of service. FINRA Rule 13413 provides that "the panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties." *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914, 2014 WL 285093, at *13 (S.D.N.Y. Jan. 27, 2014) ("FINRA Rule 13413 'clearly and unmistakably evinces an intent to submit any disputes over the interpretation of the Code rules to arbitration.'") (citing *Alliance Bernstein Inv. Research and Mgmt., Inc.*, 445 F.3d 121, 127 (2d Cir. 2006)). Rule 13413, therefore, gives the arbitrator power to interpret and determine the applicability of FINRA Rules 13300, 13301 and 13302 governing service. Because the parties consented to FINRA rules, which empower the arbitrator to make determinations regarding the sufficiency of service, the arbitrator acted within the scope of his authority in determining that Lawrence was properly served. *See T.Co Metals, LLC*, 592 F.3d at 346.

### B. Manifest Disregard of the Law

Lawrence's motion to vacate for manifest disregard of the law fails. A court may vacate an award based on manifest disregard of the law "only if the court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016).

The arbitrator did not ignore or refuse to apply the governing legal principle that service

5

of process is necessary to give notice of an arbitration proceeding.  *See Zurich Am. Ins. Co.*, 811 F.3d at 589.  In the Award, the arbitrator explicitly reasoned that Lawrence had received valid notice of the arbitration proceedings.  The arbitrator found that Lawrence had been served by regular mail with the March 2, 2018, Claim Notification letter, advising him of the requirement to use the online DR Portal and that failure to do so would prevent him from submitting pleadings, selecting arbitrators and receiving notifications about the arbitration; on May 21, 2018, FINRA sent Lawrence another letter advising him that registering for the DR Portal was mandatory and failure to register would be indicated in the final Award; Lawrence was served by regular mail with an Overdue Notice dated April 26, 2018; and Lawrence received a Notification of Arbitrator dated May 21, 2018, by both regular mail and certified mail as evidenced by the "executed signature card on file."

Lawrence argues that he was entitled to be served with all papers by both certified and regular mail.  Lawrence references FINRA Regulatory Notice 17-03, which states that "if the respondent indicates that he or she did not receive the Claim Notification Letter, FINRA staff will offer to serve the statement of claim in another manner such as by email or regular mail to afford the respondent an additional opportunity to receive the statement of claim."  The Claim Notification Letter was mailed to Lawrence's residential address in compliance with FINRA Rule 13301(a), which provides that the Claim Notification Letter should be served on Lawrence "directly at the person's residential address or usual place of abode."  Neither Regulatory Notice 17-03 nor the FINRA rules contain any requirement that the documents be sent to a party via certified mail.

Regardless of whether regular mail constitutes sufficient service of process, Lawrence was on notice of the arbitration proceedings because he received the Notification of Arbitrator at

6

his residence via certified mail. The return receipt from the Notification of Arbitrator bears a delivery date of May 26, 2018, and Lawrence admits that he received the notification. That Lawrence received certified mail at his home address is strong circumstantial evidence that he received the other arbitration related documents that were sent to his home via regular mail. The arbitrator had at least a "barely colorable justification" for finding that Lawrence had adequate notice of the arbitration proceedings. *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004).

Lawrence relies on an "unpublished / nonciteable" California case for the proposition that failure to effect proper service under the FINRA rules constitutes grounds for vacating the Award. *See Hansalik v. Wells Fargo Advisors, LLC*, No. B232151, 2012 WL 1423014, at *5 (Cal. Ct. App. Apr. 25, 2012). *Hansalik* is easily distinguishable. In *Hansalik*, Hansalik moved from California to Switzerland before Wells Fargo initiated a FINRA arbitration to collect an unpaid promissory note. *Id*. at *1. Wells Fargo mailed its statement of claim and other arbitration documents to Hansalik's California residence, despite receiving notification of Hansalik's forwarding address in Switzerland. *Id*. at *1. Unlike in *Hansalik*, Lawrence here occupied the same residence throughout the relevant period, and FINRA and RJFS both sent arbitration documents to that residence, as least one of which Lawrence admits receiving. The California Court of Appeal affirmed vacatur of the arbitration award in *Hansalik*, in part, because of Hansalik's lack of actual notice. *Id*. at *5. Here, the certified mail return receipt from the Notification of Arbitrator demonstrates actual notice.

Lawrence has failed to satisfy the "very high" burden to vacate an arbitration award. *See STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011). RJFS's Cross-Petition to confirm must be granted. *See D.H. Blair & Co.*, 462 F.3d at 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks omitted) ("The Court 'must grant [a

request to confirm a decision] unless the award is vacated, modified, or corrected.'").

## IV. CONCLUSION

For the foregoing reasons, Lawrence's Petition to Vacate is DENIED. RJFS's Cross-Petition to Confirm the Award is GRANTED.

The Clerk of Court is respectfully requested to close the case.

Dated: January 4, 2019
      New York, New York

                               **LORNA G. SCHOFIELD**
                               **UNITED STATES DISTRICT JUDGE**